

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| CHARLES ALTON GARY, | § | No. 08-12-00046-CR |
| Appellant, | § | Appeal from the |
| v. | § | 30th Judicial District Court |
| THE STATE OF TEXAS, | § | of Wichita County, Texas |
| Appellee. | § | (TC# 51,463-A) |

## O P I N I O N

Charles Alton Gary appeals the trial court's judgment convicting him of driving while intoxicated-repetition and sentencing him to 25 years' imprisonment. In a single issue, Gary contends that the trial court erred by admitting the testimony of the State's expert because she did not properly apply the technique used to project the quantity of alcohol he consumed to reach a particular blood alcohol content ("BAC"). We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Gary was caught stealing by his neighbor, prompting the neighbor to call the Sheriff. Gary drove away in his truck before the responding deputy arrived, but returned sometime later to his home. While searching for Gary, the responding deputy spotted him and followed him back to his home, parking some distance away and calling for backup. After backup arrived, Gary was arrested for burglary of a habitation and placed in the back of a patrol car, where he sat for some undetermined amount of time awaiting the arrival of a tow truck.

When Gary was arrested, the responding deputy searched inside Gary's truck and found an empty liquor bottle and a Styrofoam cup containing whiskey. Gary—who exhibited signs of intoxication and had two previous DWI convictions—was transported to a hospital where his blood was drawn. The blood sample showed that Gary's BAC was 0.19 at the time his blood was drawn.

Gary was charged with DWI. The principal issue at trial was whether Gary was intoxicated at the time he was driving his truck. With respect to establishing intoxication, the State called Mary Evelyn Belli as an expert to testify. Gary twice objected to portions of Belli's testimony describing the effects of alcohol on the human body at corresponding BAC levels, obtaining a running objection each time. As soon as Belli was asked to opine whether a person's BAC would be higher, lower, or equal two hours after his arrest than when initially arrested, Gary's counsel requested a hearing outside the jury's presence.

On *voir dire* examination, counsel asked Belli if she thought she had enough information "to make a retrograde extrapolation in this case[.]" Belli responded that "[she] believe[d] that [she] could do it" and proceeded to explain the variables involved in conducting a proper retrograde extrapolation. Counsel objected "to the testimony with reference to the retrograde extrapolation" on the basis that Belli lacked "key" information that was critical to conducting a proper retrograde extrapolation. The State countered that Belli would be testifying "not to do the retrograde to go back, but just so the jury understands the quantity of alcohol involved to get to a .19 . . . which is clearly relevant to [Gary's] BAC at the time that he was driving." The State took great pains to explain to the trial court that Belli would not be testifying to establish Gary's BAC "at a certain point in time," but rather to establish "ranges to show the quantity of alcohol that it would take a 165-pound man to get to a certain BAC over the different ranges of time" so that the

2

jury could understand "the effect of alcohol on the body . . . ."

Before the trial court had the opportunity to rule on counsel's objection, the following exchange occurred:

[BELLI]:  May I make a correction, Your Honor?

[THE COURT]:  To your testimony?

[BELLI]:  Yes.

[THE COURT]:  Yes, ma'am.

[BELLI]:  Retrograde extrapolation, if you want to know what the blood alcohol concentration was at a previous time, you would need the blood alcohol concentration that we got which was a .19, the elimination rate which would be a range that we would use based on the majority of people, and the time from the last drink.  Now, if you want to know the amount of drinks that someone drank or could have been drunk for -- at a .19, to reach a .19, then that's called a Woodmark Equation,[1] and that's what I explained to you.  So there are different cal -- or equations that are used.  There's a retrograde extrapolation and then there's a Woodmark Equation.

[PROSECUTOR]:  And, Ms. Belli, is a Woodmark Equation generally accepted by the scientific community?

[BELLI]:  Yes, it is.

[PROSECUTOR]:  All right.  That's what I'll limit my questions to, Your Honor.

[THE COURT]:  Okay.  Anything else, [defense counsel]?

[DEFENSE COUNSEL]:  I believe that I heard the cross.  He's going to limit his examination to what it would take to get him to a .19.

[THE COURT]:  Is that correct, [prosecutor]?

[DEFENSE COUNSEL]:  We talked about –

[PROSECUTOR]:  Yes, that's correct, Your Honor.

---

[1]  It appears that the court report erroneously transcribed the Widmark formula as the "Woodmark Equation."  In any event, neither party has complained, and both used the term "Widmark formula" in briefing the issue on appeal.

3

[DEFENSE COUNSEL]: -- what the blood sample would have been at any time earlier than at the time of the draw.

[PROSECUTOR]: Other than her testimony that it was about the loss of consciousness which is an effect of alcohol, that's not based on retrograde extrapolation. I don't intend to ask her to extrapolate back, I intend to use the Woodmark Equation.

[THE COURT]: All right.

As is evident, defense counsel never obtained a ruling on his objection to Belli's testimony on the basis that the technique of retrograde extrapolation could not be properly applied in this case. Following this exchange, Belli resumed testifying without further objection.

## ERROR PRESERVATION

In his sole issue, Gary contends that the trial court erred by admitting Belli's testimony because she did not reliably apply the Widmark formula in projecting the quantity of alcohol he consumed to attain a particular BAC. The State, on the other hand, argues that Gary forfeited appellate review of his complaint because, among other reasons, he did not make this specific compliant at trial and obtain a ruling on it. We agree.

### *Applicable Law*

To preserve error for appellate review, a party must present a timely complaint to the trial court stating the specific grounds for the desired ruling if they are not apparent from the context of the complaint. *See* TEX.R.APP.P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex.Crim.App. 1998). Further, the trial court must rule on the complaint, either expressly or implicitly, or the complaining party must object to the trial court's refusal to rule. TEX.R.APP.P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex.Crim.App. 2004). In other words, a party must lodge a timely, specific objection and pursue it to an adverse ruling. *Martinez v. State*, 98 S.W.3d 189, 193 (Tex.Crim.App. 2003).

4

*Discussion*

Gary has not preserved his complaint for appellate review. Although Gary objected to Belli's testimony on the basis that the technique of retrograde extrapolation could not be properly applied in this case because she lacked necessary information, he never obtained a ruling on his objection. Instead, Gary acquiesced to the prosecutor's representation that he did not intend "to ask [Belli] to extrapolate back[,]" but rather "to use the [Widmark formula]." That the trial court may not have understood that the Widmark formula is used when conducting retrograde extrapolation is irrelevant. *See Kennedy v. State*, 264 S.W.3d 372, 377 (Tex.App.--Houston [1st Dist.] 2008, pet. ref'd)(explaining that the experts in that case identified the Widmark formula as the technique used when conducting retrograde extrapolation); *see also Mata v. State*, 46 S.W.3d 902, 909 (Tex.Crim.App. 2001)(recognizing that "Swedish chemist E.M.P. Widmark first calculated absorption and elimination rates in the body" and "created . . . the 'BAC curve,' which represents the rise and fall of an individual's BAC as his body absorbs and eliminates alcohol."). Gary—not the trial court—bore the burden to object to the use of the formula in his case and to obtain a ruling on his objection. By failing to obtain a ruling on his objection, Gary did not meet his burden and, consequently, forfeited appellate review of his complaint. *See Kennedy*, 264 S.W.3d at 379-80 (holding that appellant waived his complaint that the trial court erred by admitting expert testimony because, though appellant had a "running objection" to the experts' testimony regarding proper application of retrograde extrapolation, he never pursued this objection to an adverse ruling).

In his reply brief, Gary asserts that he "properly preserved error by objecting multiple times and asking for a running objection with regard to [Belli's] use of scientific equations or formulae to make estimations regarding [his] BAC." According to Gary, his "repeated objections went to

5

the substance of the objectionable testimony [, *i.e.*,] that Widmark estimates were unreliable." In support of his argument that he preserved error by objecting repeatedly to the substance of Belli's testimony, Gary cites *Sauceda v. Kerlin*, 164 S.W.3d 892 (Tex.App.--Corpus Christi 2005, pet. granted, judgm't vacated). Gary's reliance on *Sauceda* is misplaced, however.

In *Sauceda*, the appeals court recognized that if a party obtains a running objection to a particular witness's testimony on a specific issue, the objecting party is entitled to "assume that the judge will make the same ruling as to other offers of similar evidence, and he is not required to repeat the objection." 164 S.W.3d at 920. But here, Gary had a running objection to Belli's testimony describing the effects of alcohol on the human body at corresponding BAC levels, not to Belli's testimony regarding the use of scientific equations or formulae to make estimations regarding his BAC. Because Gary's running objection encompassed an issue entirely different than that raised on appeal, *Sauceda* is inapposite. It was thus necessary for Gary to have obtained a ruling on his objection to preserve error. *See Kennedy*, 264 S.W.3d at 379-80.

In light of the preceding, we overrule Gary's issue.

## CONCLUSION

The trial court's judgment is affirmed.

September 18, 2013

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)

6